UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JASON K. WILSON, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 2:14-CV-147-JRG-MCLC ) |
| RONNIE LAWSON, BUTCH GALLION, TONY ALLEN, JOHN DOE, and JANE DOE, | ) ) ) ) |
| *Defendants.* | ) ) |

## **MEMORANDUM and ORDER**

Acting pro se, Jason K. Wilson, ("Plaintiff"), brings this civil rights action for injunctive and monetary relief pursuant to 42 U.S.C. § 1983, alleging that he was denied medical and dental treatment at the Hawkins County Detention Center ("HCDC") [Doc. 1]. Defendants are Ronnie Lawson, Butch Gallion, Tony Allen, John Doe, and Jane Doe. Defendant Lawson is sued only in his official capacity, Defendant Gallion is sued in both his official and individual capacities, and the other Defendants are presumed to have been sued in their official capacities, under governing Sixth Circuit case law.[1] Plaintiff was assessed the civil filing fee before the case was transferred to this Court by the Middle District of Tennessee [Doc. 3]. Thus, the Court now must perform the required statutory screening test.

**I.     SCREENING THE COMPLAINT**

---

[1] Courts generally presume that a defendant is being sued in his official capacity, absent a specification by a Plaintiff as to the capacity in which he is suing a defendant. *See Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591, 593-94 (6th Cir. 1989). Plaintiff did not indicate the capacity in which these Defendants are being sued.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. "), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

As noted, Plaintiff brings his claims under 42 U.S.C. § 1983 [Doc. 1]. In order to succeed on a § 1983 claim, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009);

*see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. BACKGROUND

In the pleading, Plaintiff alleges two claims: (1) that Defendant Butch Gallion told him that "there was nothing they could do" for a cyst that "arrived on" Plaintiff's left shoulder on or about August 29, 2013, and (2) that the HCDC medical staff said, on or about September 10, 2013, that "there was nothing they could do" about Plaintiff's deteriorating teeth, including four broken teeth, until Plaintiff "started loosing [sic] weight" [Doc. 1 at 5]. Plaintiff asks for an award of damages in the sum of $100,000 and to have Defendants pay to have the cyst removed, to fix his teeth, and for his "other set of dentures" [*Id.* at 6].

## III. ANALYSIS

### A. Injunctive Relief

When a prisoner seeks injunctive relief in a prison-conditions claim arising under § 1983, those claims are rendered moot when the prisoner is no longer confined at the institution wherein those alleged conditions exist. *See, e.g.*, *Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (citing *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975) and *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu*, 87 F.3d at 175). The Court's research reveals that, since filing his complaint, Plaintiff has been released from incarceration at the HCDC and is now on parole. Available at https://apps.tn.gov/foil-app/results.jsp (last visited June 20, 2017).

Because Plaintiff is no longer incarcerated at HCDC and because he sought injunctive relief for the alleged wrongful conditions at that facility, his claim for an injunction is now moot and subject to summary dismissal.

**B.    Monetary Relief** [2]

Both of Plaintiff's claims for damages arise under the Eighth Amendment, which protects prisoners from the infliction of "unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[D]eliberate indifference to the serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'" which violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation, and (2) a subjective component, which requires him to show a sufficiently culpable state of mind—one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

A serious medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004). A sufficiently culpable mental state—one of deliberate indifference—may be evinced by showing that a defendant official knows of, but disregards, an excessive risk to an inmate's heath. *Farmer*, 511 U.S. at 837.

More specifically, to evince deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

---

[2] As opposed to a claim for injunctive relief, a § 1983 claim for damages survives a plaintiff's release from incarceration. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 371-72 (1987) (holding that prisoners' release on parole did not render action moot where they sought damages in addition to declaratory and injunctive relief), *Miller v. Ghee*, 22 F. App'x 388, 389 (6th Cir. 2001) (same).

must also draw the inference." *Id.* Yet, a defendant who takes reasonable measures to abate the harm is not liable under the Eighth Amendment because the official has not acted with deliberate indifference. *Id.* at 836. Deliberate indifference involves action or inaction that is beyond negligence. *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994) ("[T]he conduct for which liability attaches must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish.").

Likewise, a plaintiff does not state a claim where some medical treatment is given and the dispute is over the adequacy of such treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Some medical treatment, however, may be "so woefully inadequate as to amount to no treatment at all." *Id.*; *see Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843–44 (6th Cir. 2002) (observing that "when the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference") (citation omitted).

### 1. Shoulder Cyst

Plaintiff alleges that his cyst on his shoulder was very painful, is not a pre-existing condition, and "appeared" during his incarceration in the HCDC. Plaintiff maintains that the HCDC medical staff sent him to have X-rays taken of his cyst on September 1, 2013 (which would have been the fourth day after the cyst "arrived") and that the results of that test showed that his cyst was the size of a tennis ball [*Id.* at 5]. Plaintiff submitted grievances and requests regarding "these issues," but Defendants Gallion and Allen did nothing in response to those submissions [*Id.*]. However, in response to Plaintiff's second formal written complaint on March 10, 2014,[3] Defendant Gallion said that "they don't treat pre-existing issues," but he did agree to "have it re-examined" [*Id.* at 3].

---

[3] Plaintiff filed his first formal complaint on March 6, 2014 [*Id.* at 3].

Plaintiff's complaints regarding his cyst were not ignored. Plaintiff consulted with the medical care providers at the HCDC regarding his cyst. Indeed, the providers ordered X-rays of Plaintiff's cyst and the X-rays revealed that the cyst was the size of a tennis ball. Noticeably absent from the complaint is any contention that the HCDC medical care providers ordered that Plaintiff undergo further treatment for his cyst. If Plaintiff's true claim is that the medical care providers did not order any follow-up treatment or surgery for his cyst, then he has no viable Eighth Amendment claim. A difference of opinion between a prisoner and his medical care provider regarding diagnosis and treatment fails to state a claim under the Eighth Amendment. *See Koos v. Corr. Corp. of Am.*, 63 F. App'x 796, 797 (6th Cir. 2003); *Westlake*, 537 F.2d at 860 n.5 (commenting that courts are reluctant to second guess medical judgments of the treating physician or nurse where a prisoner's disagreement involves the treatment he received). Put simply, "[a] medical decision not to order . . . measures [similar to an X-ray] does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. Furthermore, a prisoner's report of a self-diagnosed need for additional treatment is insufficient to show a serious medical need. *See Dixon v. Nusholtz*, No. 98-1637, 1999 WL 507031, at *2 (6th Cir. June 10, 1999) (noting that a difference of opinion between a physician's diagnosis and prisoner's self-diagnosis "falls short of the Eighth Amendment's requirements for suit").

However, reading between the lines of this pro se pleading, if Plaintiff is implying that the medical care providers ordered further treatment and that Defendant Gallion refused to furnish that treatment to Plaintiff based on his perception that Plaintiff's cyst was a pre-existing condition or because Plaintiff was a state inmate, then arguably, Plaintiff would have stated an Eighth Amendment claim for deliberate indifference. In that case, Plaintiff would be able to establish a serious medical need (a physician diagnosed condition that required surgery) and deliberate

indifference ("intentionally interfering with the treatment once prescribed"). *Estelle*, 429 U.S. at 105. Plaintiff will be allowed to amend this claim to clarify what he is alleging with respect to the denial of medical care for his cyst. Plaintiff should allege specifically the name of the individual medical care provider who ordered further treatment, if Plaintiff knows that person's name, the nature of the treatment that was ordered, the approximate date such treatment was ordered, and any other particulars involving this claim that would assist the Court in determining the viability of the claim.

### 2. Dental Problems

Plaintiff's allegations involving the denial of dental care are similarly lacking. Plaintiff maintains that he saw medical staff members when he complained of deteriorating teeth, including that four teeth were broken, but was told that nothing could be done until he started losing weight. Plaintiff at the same time asks that Defendants be ordered to "pay for [his] other set of dentures" [*Id.* at 6]. Plaintiff's request to have Defendants pay for his "other set of dentures" seemingly is at odds with his claim that his teeth are deteriorating. Even so, Plaintiff does not say whether the medical staff members he saw were also dental care providers or whether the individuals he saw performed an oral evaluation on him or otherwise addressed his complaints about his teeth.

The Sixth Circuit recognizes that "[d]ental needs fall into the category 'of serious medical needs' because '[d]ental care is one of the most important needs of inmates.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x. 810, 814 (6th Cir. 2008)). This circuit cited approvingly to a sister circuit's observation that "'[a] cognizable claim regarding inadequate dental care, like one involving medical care,' is 'based on various factors, such as the pain suffered by the plaintiff [and] the deterioration of the teeth due to a lack of treatment." *Id.* (quoting *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998)).

7

Here, there are allegations of pain and deterioration of teeth (and, paradoxically, a request for another set of dentures). However, there is no allegation that any specifically identified Defendant knew about Plaintiff's need for dental care. Beyond describing Defendants John Doe and Jane Doe's positions at the HCDC as "medical staff" [*Id.* at 6], Plaintiff has not connected them to the alleged denial of dental care. Plaintiff must affirmatively show that each Defendant he seeks to hold liable, through that Defendant's own actions, has violated Plaintiff's constitutional rights. *See Robertson v. Lucas*, 753 F.3d 606, 615, (6th Cir. 2014) ("A critical aspect of the § 1983 . . . universe is that to be held liable, a plaintiff must demonstrate '"that each Government-official defendant, through the official's own individual actions, has violated the Constitution."'") (quoting *Iqbal*, 556 U.S. at 676). Plaintiff should also explain how his teeth were deteriorating, such as whether they were abscessed, decayed, chipped, or were otherwise causing him to suffer pain. If Plaintiff provides further factual elaboration with respect to this claim, he might yet state a colorable Eighth Amendment claim.

### C. Conclusion

For the reasons set forth herein, Plaintiff's claims as they are pled do not state Eighth Amendment claims, but they might so do if he amends them to correct the various deficiencies noted herein. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that "allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence"); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (finding that courts may allow a prisoner to amend even where the complaint is "subject to dismissal under the PLRA").

Therefore, unless within 30 days of the date on this Order Plaintiff amends his claims to cure the specific deficiencies noted herein, the Court will **DISMISS** this case for failure to state a claim for relief, without providing further notice to Plaintiff.

**SO ORDERED.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE